## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CHARLES FORDJOUR                      :
                                      :
        v.                            :   Case No. 3:02CV2117 (AWT)
                                      :
DIRECTOR OF CONNECTICUT               :
STATE LIBRARY HISTORY AND             :
GENEALOGY UNIT, et al.[1]             :


RULING AND ORDER

        The plaintiff, Charles Fordjour ("Fordjour"), an inmate
currently incarcerated in California, brings this civil rights
action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.
He alleges that the defendants have violated his right to equal
protection of the laws and discriminated against him in violation
of 42 U.S.C. § 1981.  In addition, he asserts claims under
Connecticut state law.  For the reasons that follow, the
complaint is being dismissed without prejudice.

I.    Standard of Review

        Fordjour has met the requirements of 28 U.S.C. § 1915(a) and
has been granted leave to proceed in forma pauperis in this
action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall
dismiss the case at any time if the court determines that . . .

_____

        [1]The named defendants are Director of Connecticut State
Library History and Genealogy Unit, Librarian of the Connecticut
State Library History and Genealogy Unit, Richard Blumenthal,
Ralph E. Urban and John and Jane Does 1-25.

the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).  Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary.  See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

        "When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'"  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez, 907 F.2d at 1295).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437.  The court exercises caution in dismissing a case under section 1915(e) because a claim that the

2

court perceives as likely to be unsuccessful is not necessarily frivolous.  See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted.  See  28 U.S.C. 1915(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Gomez, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory").  In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff.  Gomez, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir.

3

1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit.  See 28 U.S.C. § 1915(e)(2)(B)(iii); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

II. Facts

On July 29, 2002, while incarcerated in Arizona, Fordjour sent a letter to the History and Genealogy Unit of the Connecticut State Library requesting information on the procedures for obtaining family and ancestral records.  On August 7, 2003, Fordjour received a brochure outlining the procedures in effect in August 2002.  He states that distance services were permitted whereby a staff member would allocate approximately one-half hour of search time to research an inquiry.

4

On August 16, 2002, Fordjour served a subpoena duces tecum on the "Custodian of Records of Defendants Director and Librarian of Connecticut State Library, History and Genealogy Unit."

Fordjour further alleges that, on August 27, 2002, he received a letter from the Connecticut State Library Law/Legislative reference unit, refusing to research or provide the requested information.  In addition, on September 3, 2002, defendants Urban and Blumenthal objected to the subpoena. Fordjour states that he needs the genealogical information for a case filed in the United States District Court for the District of Arizona, No. CV 2002-838-PHX-ROS.

III. <u>Discussion</u>

Fordjour alleges that the defendants have violated his rights under 42 U.S.C. § 1981, the due process and equal protection clauses of the Fourteenth Amendment and under state law.

    A.   <u>Claims pursuant to 42 U.S.C. § 1981</u>

Fordjour alleges that defendants have violated his rights under 42 U.S.C. § 1981 because they discriminated against him on account of his race, national origin and color when they failed to provide the minimal research on his request.

Section 1981 provides in pertinent part:

> All persons within the jurisdiction of the
> United States shall have the same right in
> every State and Territory to make and enforce
> contracts, to sue, be parties, give evidence,
> and to the full and equal benefits of all

5

laws and proceedings for the security of
persons and property as is enjoyed by white
citizens, and shall be subject to like
punishment, pains, penalties, taxes,
licenses, and exactions of every kind, and to
no other.

42 U.S.C. § 1981(a).

    Section 1981 "contemplates protection of those discriminated
against on the basis of ancestry or ethnic characteristics . . .
." Avello v. Hammons, No. 96 Civil 0927 (DAB), 1997 WL 218466,
at *7 (S.D.N.Y. April 29, 1997).  Generally, section 1981 is
invoked to prohibit racial discrimination in the making and
enforcement of private contracts.  See Miller v. CITICORP, No. 95
Civ. 9728 (LAP), 1997 WL 96569, at *8 (S.D.N.Y. March 4, 1997)
("Section 1981 prohibits all racial discrimination in the making
of private contracts . . . ."); Philippeaux v. North Central
Bronx Hosp., 871 F. Supp. 640, 654 (S.D.N.Y. 1994) ("there are
two separate issues in finding liability under Section 1981:
first whether there has been a substantive violation of
plaintiff's right to make contracts based on his race, and
second, whether the named defendants can be held liable for that
violation"), aff'd, 104 F.3d 353 (2d Cir. 1996), cert. denied,
117 S. Ct. 1110 (1997); Smith v. The Sav. Bank of Rockland
County, No. 91 Civ. 3088 (JFK), 1992 WL 350743, at *7 (S.D.N.Y.
Nov. 16, 1992) ("To violate Section 1981, a defendant must have
prevented a plaintiff from making and enforcing contracts").  See
also The Honorable Charles R. Richey, Prisoner Litigation in the

6

United States Courts 146 (1995) ("Notwithstanding the breadth of its language, the primary thrust of [section 1981] is directed at employment contracts with a racial animus.").

Here, the complaint contains no allegations relating to Fordjour entering into a contractual relationship or any other activity specifically referenced in the statute. Thus, the Fordjour's reliance on section 1981 appears misplaced. See Mian v. Donaldson, Lufkin & Jenrette  Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (determining that, to state a claim pursuant to section 1981, plaintiff must allege that he was subject of racial discrimination concerning one or more of the activities enumerated in the statute).

Further, even if the court were to conclude that the Fordjour's claim fell within the province of section 1981, he "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994) (citations omitted). See, e.g., Ryans v. Gresham, No. 9:97 CV 224(TH), 1998 WL 262385, at *7 (E.D. Tex. Apr. 10, 1998) (holding that failure to include in complaint more that subjective belief that arrest was racially motivated precluded consideration of section 1981 claim); Odom v. Columbia University, 906 F. Supp. 188, 194 (S.D.N.Y. 1995) (holding insufficient to state a claim pursuant to section 1981 allegations of racial discrimination and

7

unequal treatment where plaintiff failed to allege a single example of a student being treated differently by university).

Fordjour fails to include any factual allegations supporting his presumption that the actions of the defendants were racially motivated. Thus, any claims brought pursuant to section 1981 are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   <u>Official Capacity Claims for Damages</u>

Fordjour seeks damages from all defendants. Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. <u>See</u> <u>Florida Dep't of State v. Treasure Salvors</u>, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979). The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 101 n.11 (1984).

Fordjour does not specify whether he seeks damages against defendants in their official or individual capacities. Thus, to the extent that Fordjour seeks damages pursuant to section 1983

8

against any defendants in their official capacities, these claims
are dismissed pursuant to 28 U.S.C. § 1915(e)(20(B)(iii).

C.    Claims against Defendants Blumenthal and Urban

Defendant Blumenthal is Connecticut's Attorney General and
defendant Urban is an Assistant Attorney General in Blumenthal's
office.  Fordjour's only allegation against them is that they
objected to his subpoena duces tecum.

Rule 45(c)(2)(B), Fed. R. Civ. P., specifically provides
that a person commanded to produce documents may serve a written
objection.  The person serving the subpoena then must obtain an
order from the court by which the subpoena was issued before he
may obtain or review the requested material.  Thus, defendants
Blumenthal and Urban were following the court's procedural rules
when they objected to the subpoena.  Fordjour's recourse was to
obtain an order from the court, not to commence a civil action
against defendants Blumenthal and Urban.  Accordingly, Fordjour's
claims against defendants Blumenthal and Urban are dismissed
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

D.    Remaining Claims

The remaining claims consist of federal and state law claims
against the unidentified defendants.  The court cannot order the
U.S. Marshal to effect service of the complaint until Fordjour
identifies the defendants by name.  Accordingly, Fordjour is
hereby given forty-five days to file an amended complaint
including his state and federal law claims against the defendants

9

associated with the Connecticut State Library and identifying the names of the referenced persons who held those positions in August 2002.  Failure to timely file an amended complaint will result in the dismissal with prejudice of all claims against those defendants.

IV.  Conclusion

The complaint is hereby **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).  Fordjour is directed to file an amended complaint within **forty-five (45)** days from the date of this ruling.  The amended complaint shall include the names of the persons who held the positions of Director of Connecticut State Library History and Genealogy Unit, Librarian of the Connecticut State Library History and Genealogy Unit in August 2002 and the persons referenced only as John and Jane Doe 1-25.  In addition, Fordjour may reassert the other claims included in the complaint, **if** he can allege facts to overcome the deficiencies identified in this ruling.  Failure to file an amended complaint within the time specified will result in the dismissal of this case with prejudice.  In light of this ruling, Fordjour's motions seeking information on the status of this case [**docs. ## 10 and 11**] are hereby **DENIED** as moot.

**SO ORDERED** this 29th day of March, 2004, at Hartford, Connecticut.

<pre>
                    _____/s/_____
                    Alvin W. Thompson
                    United States District Judge
</pre>

10