Charles Fordjour
V28028-GF6-33M
1 Kings Way
P.O. Box 9
Avenal, CA 93204
PLAINTIFF/APPELLANT IN PRO PER

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Charles Fordjour,
Plaintiff-Appellant,

Vs.

Director of Connecticut State Library History and Genealogy Unit; Librarian of the Connecticut State Library History and Genealogy Unit; Richard Blumenthal; Ralph E. Urban and John and Jane Does, 1-25 et al.
Defendants-Appellees

CASE № 3:02 CV 02117 (AWT)

"EMERGENCY MOTION TO VACATE AND SET ASIDE RULING AND ORDER INCLUDING JUDGMENT PURSUANT TO RULE 60(b), et al, F.R.C.P.
AND
FURTHER MOTION FOR A COURT ORDER DIRECTING CONNECTICUT ATTORNEY GENERAL TO PROVIDE DISCOVERIES OF THE NAMES OF DEFENDANTS AND ENTITIES FOR THE PURPOSE OF AMENDING COMPLAINT WITH REAL PARTIES NAMES AND ADDRESSES"

(Assigned to Honorable Judge Alvin W. Thompson).

"EXPEDITED RULING REQUESTED"

Pursuant to Rule 60(b)(1)(2)(6) and the Court order filed on May 21, 2004 (Endorsement order #17), plaintiff and

(1)

Appellant Fordjour moves and Request on Emergency Basis for a court order Vacating and Setting Aside the court's Ruling and Order dated March 29, 2004 and the Judgment Order filed on March 31, 2004.

Good Cause Exists due to the fact that plaintiff and Appellant Fordjour was <u>Never</u> served with the court's Ruling and Order and Judgment until <u>June 04, 2004</u>. (See Exhibit "A" – proof of date of Receipt). As a direct Result plaintiff and Appellant Fordjour <u>Never</u> had an opportunity to Amend his complaint in compliance with the court's Ruling and order dated March 29, 2004.

In Addition, It is clearly established that plaintiff and Appellant Fordjour is entitled to <u>Discovery</u> to Amend his complaint with the True Names and Titles of parties.

(2)

This motion is supported by the Attached Memorandum of Points and Authorities and the Full Record in this Case including Any present and Future Oral Arguments.

MEMORANDUM OF POINTS AND AUTHORITIES:

A. Amending Complaint:

The Supreme court of the United States has Stated that a plaintiff with an "Arguable" claim should be permitted to Amend the complaint before a pending motion to dismiss is Ruled on. See Neitzke v. Williams, 490 U.S. 319, 329, 109 S.Ct. 1827 (1989); See also Lucas v. Department of Corrections, 66 F.3d 245, 248-49 (9th Cir. 1995) (court erred in dismissing pro se Complaint where amendment would cure defect; court shall give specific notice of complaints deficiencies and opportunity to Amend); Platsky v. C.I.A., 953 F.2d 26, 28 (2nd Cir. 1991); McGucken v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);

(3)

See also <u>Haines v. Kerner</u>, supra (U.S.); see also <u>Conley v. Gibson</u>, 335 U.S. 41, 45-46, 78 S.Ct 99, (1957); <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000)(en banc).

As a matter of Law, and in the interest of comity and justice plaintiff and Appellant Fordjour is entitled to Amend his complaint to cure any alleged deficiencies.

B. <u>CRITICAL DISCOVERIES RELEVANT TO AMEND COMPLAINT</u>:

It is clearly established that plaintiff Fordjour is entitled to <u>critical discoveries</u> to Amend his complaint, when identities of some of the defendants are unknown. See <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999)(citing <u>Gillespie v. Civiletti</u>, 629, F.2d 637, 642 (9th Cir. 1980)("where identity of alleged defendants will not be

(4)

know prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds). See also Martel v. County of Los Angeles, 56 F.3d 993, 995 (9th Cir. 1995)(en banc).

In light of the court's Ruling and order dated March 29, 2004; Enforcement order filed May 21, 2004 and Rule 60(b)(1)(2)(3)(4)(5)(6) of the Federal Rules of Civil Procedure and Rule 26 to Rule 37, F.R.C.P. and proper construction of Governing Laws plaintiff and Appellant Forjoer is entitled to the opportunity to discovery to Identify unknown defendants True Names from August 2002 from the Connecticut Attorney General and its Assistant Attorney General Madeline A. Melchionne, Esq.

(5)

WHEREFORE, plaintiff and Appellant Fordjour prays that in Good Faith and in the Interest of Justice his Motion be granted in its Entirety to prevent Miscarriage of Justice.

Plaintiff and Appellant Fordjour is entitled to critical discoveries for All unknown identities of Defendants from Connecticut Attorney General prior to Amending his Complaint.

Further this Court should grant Any other Relief that plaintiff and Appellant Fordjour is entitled to As Law and Justice Requires.

Respectfully Submitted this 21ST day of June, 2004.

By: _____
CHARLES FORDJOUR - Plaintiff/Appellant in Pro Per

CERTIFICATE OF SERVICE:

Copy of the Foregoing "Emergency Rule 60(b), F.R.C.P." Motion were mailed via United States postal Service, postage prepaid by First class Mail on June 21, 2004 pursuant to 28 USCS 1746 and FRAP 25(a) Institutional Mail Deposit at Avenal, California as follows:
(1) Kevin F. Rowe, clerk of the court
(2) Madeline A. Melchionne, Esq, Attorney for defendants
(3) Hon. Judge Alvin W. Thompson

UNITED STATES DISTRICT COURT  Received June 04 2004
OFFICE OF THE CLERK
450 MAIN STREET
HARTFORD, CT 06103
OFFICIAL BUSINESS

No 31
02CV 2117 (AWT)

1121 U.S. POSTAGE PB2236457
8020 $01.06⁰ MAY 25 04
0281 FROM ZIP CODE 06103

① Order issued May 21, 2004
② file Emergency Rule 60(b) Motion to vacate order & Judgment to allow Amendment

Charles Fordjour
Inmate V28028
San Quentin State Prison
1 Main Street
San Quentin, CA 94974

→ AVE
688m 33M

LEGAL MAIL
JUN 4 2004
AVENAL STATE PRISON
MAILROOM

EXHIBIT "A"

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
450 MAIN STREET
HARTFORD, CT 06103

OFFICIAL BUSINESS

Received June 04, 2004

No 31
02CV 2117 (AWT)

1121 U.S. POSTAGE PB2236457
8020 $01.06 MAY 25 04
0281 FROM ZIP CODE 06103

① Order Issued May 21, 2004
② file Emergency Rule 60(b) Motion to vacate order & Judgment to allow Amendment

Charles Fordjour
Inmate V28028
San Quentin State Prison
1 Main Street
San Quentin, CA 94974

AVE
6SSM 33M

LEGAL MAIL
JUN  4 2004
AVENAL STATE PRISON
MAILROOM

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
CHARLES FORDJOUR,

    Plaintiff,

v.

DIRECTOR OF CONNECTICUT
STATE LIBRARY HISTORY AND
GENEALOGY UNIT, LIBRARIAN OF
THE CONNECTICUT STATE LIBRARY
HISTORY AND GENEALOGY UNIT,
RICHARD BLUMENTHAL,
RALPH E. URBAN and JOHN and
JANE DOES 1-25,

    Defendants.
------------------------------x

Case No. 3:02CV02117 (AWT)

### ENDORSEMENT ORDER

    The plaintiff's emergency request for copies of any court decisions, orders and rulings as of February 2004 (Doc. No. 15) is hereby GRANTED. The Clerk shall send the plaintiff copies of all documents in the court file that have been filed on or after February 1, 2004.

    In light of the plaintiff's representation that he has never received the court's most recent orders, the plaintiff may wish to file a motion for relief from judgment or order pursuant to Rule 60(b) of the <u>Federal Rules of Civil Procedure</u> in lieu of pursuing an appeal. If the court grants such a motion, the plaintiff will be required to comply with any outstanding court orders.

    It is so ordered.

    Dated this 20th day of May 2004, at Hartford, Connecticut.

                                                   Alvin W. Thompson
                                         United States District Judge

FILED
2004 MAY 21 A 10:51
U.S. DISTRICT COURT
HARTFORD, CT.